# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9874 | **DATE** | 12/20/2012 |
| **CASE TITLE** | Larry Banks (#B-42423) vs. People of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $18.50 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days from the date of this order to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim, essentially, that: (1) Chicago police officers violated Plaintiff's constitutional rights by subjecting him to multiple illegal searches and seizures; (2) Cook County State's Attorneys maliciously prosecuted him and engaged in prosecutorial misconduct in the ensuing criminal proceedings, resulting in a wrongful conviction; and (3) the trial court committed numerous errors and imposed an unjust sentence.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.50. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

mjm

| STATEMENT (continued) |
|---|

However, Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and Defendants. As Plaintiff has been advised in previous cases, and as discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. In his complaint, Plaintiff asserts claims arising from his arrest, the related criminal investigation, and the trial; Plaintiff sues police, prosecutors, and "People of the State of Illinois." Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Plaintiff should conduct some basic legal research prior to preparing his amended complaint. Plaintiff is advised, for example, that he may not challenge his conviction by way of a civil rights action. Rather, Plaintiff must file a petition for a writ of habeas corpus if he wishes to seek federal review of his state criminal conviction. "[C]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *See, e.g., Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2008). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). A prisoner generally must exhaust available state court remedies prior to seeking federal habeas review. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Furthermore, the Eleventh Amendment bars suits for damages against the State of Illinois. *See, e.g., Alden v. Maine*, 527 U.S. 706, 712-13 (1999). Additionally, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

Finally, Plaintiff is urged to use only the space and margins provided, and to state only the basic facts underlying

| **STATEMENT (continued)** |
|---|

his claims. All that is required under federal notice pleading is a brief statement as to how each named Defendant allegedly wronged Plaintiff, and on what date. The Court does not want or expect Plaintiff to use "legalese" or to write like a lawyer. To the contrary, peppering the amended complaint with legal terms and legal conclusions will only make the amended complaint incomprehensible, and filling pages with no blank space will make court documents difficult to read. Plaintiff should write in plain English, using complete sentences rather than phrases and sentence fragments. It is in Plaintiff's best interests to make his amended complaint as easy as possible to read and to understand.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.