Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9874 | **DATE** | 3/18/13 |
| **CASE TITLE** | Larry Banks (#B-42423) vs. People of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed on his second amended complaint. The Clerk is directed to: (1) file the second amended complaint; terminate Anita Alvarez, Christa Bowden, and Joy Repella as Defendants pursuant to the second amended complaint and Fed. R. Civ. P. 15; (3) terminate "People of the State of Illinois" pursuant to 28 U.S.C. § 1915A; (4) issue summonses for service of the second amended complaint on Defendants Varolla and Campbell; and (5) mail Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for a subpoena [#10] and motion for an order compelling discovery [#11] are denied.

■ [For further details see text below.]    **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two Chicago police officers violated Plaintiff's constitutional rights by falsely arresting him. More specifically, Plaintiff alleges that Defendants arrested him without probable cause or a warrant as he was simply riding his bicycle one day.

Plaintiff has submitted a second amended complaint limited to a single, core claim as directed. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Minute Order of February 5, 2013. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the second amended complaint states a colorable cause of action against the arresting officers. An arrest without probable cause violates the arrestee's Fourth Amendment rights. See, *e.g., Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). While a more fully developed record may belie Plaintiff's claims, Defendants Varolla and Campbell must respond to the allegations in the second amended complaint.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, on the Court's own motion, the "People of the State of Illinois" are dismissed as a Defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The Eleventh Amendment bars private litigants' suits for damages against the State of Illinois in federal court. See, e.g., *Turpin v. Koropchak*, 567 F.3d 880, 883 n.4 (7th Cir. 2009). Additionally, states and state agencies are not "persons" within the meaning of 42 U.S.C. § 1983. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Plaintiff may proceed only against the officers themselves.

The Clerk shall issue summonses for service of the second amended complaint on Defendants Varolla and Campbell. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **On this single occasion, the Court has made service copies; however, Plaintiff is once again admonished that he is required to provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motions for a subpoena and for an order compelling discovery are denied as premature. Counsel has not yet entered an appearance for Defendants. The parties will meet and discuss discovery once Defendants have been served and the Court holds an initial status conference pursuant to Fed. R. Civ. P. 16.

*[signature]*