IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Larry Banks (#B-42423), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 9874 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| Daniel Varallo, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendants' motion to dismiss the second amended complaint for failure to state a claim [#36] is granted. The second amended complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's motion to deny the motion to dismiss [#39] is denied. Plaintiff's motions for judgment on the pleadings [#40] and for reconsideration of case title [#41] are denied as moot. Plaintiff's motion for leave to amend [#48] is denied as futile. Because the Court finds that amendment would be futile, the case is terminated. The Court declines to assess a "strike" under 28 U.S.C. § 1915(g), as Plaintiff's false arrest claim is time-barred as a practical matter rather than actually time-barred.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim that Defendants, two Chicago police officers, violated Plaintiff's constitutional rights by using as evidence against him clothing and property that were inventoried upon his arrest. This matter is before the Court for ruling on pending motions.

Defendants have moved to dismiss the second amended complaint for failure to state a claim. It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint

may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## Background

Plaintiff Larry Banks is an Illinois state prisoner. Defendants Daniel Varallo and John Campbell are Chicago police officers. The Court summarily dismissed multiple claims and Defendants on initial review pursuant to 28 U.S.C. § 1915A. *See* Minute Order of March 18, 2013. Plaintiff alleges the following facts with respect to the two remaining Defendants:

In the early morning hours of April 18, 2011, Plaintiff was riding his bicycle on a city street when a police vehicle cut him off. Two officers jumped out of the patrol car, searched Plaintiff, and took money out of his pockets. One of the officers then ordered Plaintiff to turn around and be handcuffed. Plaintiff seems to imply (despite the Court's admonitions, much of the complaint consists of "legalese" and conclusions) that the officers had neither a warrant nor probable cause for arresting him.

Plaintiff was placed in a holding cell at the police station. The arresting officers, along with Defendants Campbell and Varallo, went to the cell to interrogate Plaintiff; however, he refused to speak to the police without an attorney. Defendants then took Plaintiff's shoes and clothing and made him don a white cotton jumpsuit. Forensic (DNA) testing was apparently performed on the confiscated clothing. *See also Banks v. Gaetz*, Case No. 13 C 1642 (N.D. Ill.) (Exhibits to Habeas Petition).[1] The Illinois Department of Corrections website reflects that Plaintiff is currently serving a fourteen-year sentence for burglary, with a custody date of April 1, 2011.

---

[1]In resolving a motion to dismiss, the Court is entitled to take judicial notice of matters of public record without converting the motion to a motion for summary judgment. *See, e.g., Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (citations omitted); *Thayer v. Chiczewski*, No. 07 C 1290, 2007 WL 3447931, *1 (N.D. Ill. Nov. 13, 2007) (taking judicial notice of state court records relating to a plaintiff's criminal arrest and conviction).

## Analysis

Even accepting Plaintiff's factual allegations as true, the Court finds that the second amended complaint fails to state a viable claim as a matter of law. Irrespective of whether Plaintiff's claims are *Heck*-barred, the named Defendants were not responsible for Plaintiff's arrest, any cause of action against the arresting officers is now time-barred, Plaintiff cannot sue for malicious prosecution in view of his conviction, and he cannot recover damages for the use of inventoried property as evidence against him.

Defendants are mistaken in their contention that Plaintiff's burglary conviction precludes his bringing a Fourth Amendment claim. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." 512 U.S. at 487; *see also VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490.

However, the Court discerns no reason why Plaintiff's claims in the case at bar necessarily call into question the validity of his conviction. In *Wallace v. Kato*, the Supreme Court held that *Heck* does not preclude or delay the accrual of Fourth Amendment claims even if conviction has resulted. 549 U.S. 384, 394 (2007); *see also Nelson v. Campbell*, 541 U.S. 637, 647 (2004):

> [W]e were careful in *Heck* to stress the importance of the term "necessarily." For instance, we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not "necessarily imply that the plaintiff's conviction was unlawful."

(quoting *Heck*, 512 U.S. at 487 n. 7); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit."); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato* ... holds that *Heck* does not affect litigation about police conduct in the investigation of a crime.").

The Court of Appeals for this circuit has held time and again that under most circumstances Fourth Amendment claims can go forward despite the rule of *Heck*. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 426 (7th Cir. 2006); *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (reaffirming the "bright-line rule" that false-arrest claims survive *Heck* because a false arrest claim does not by its nature impugn a conviction); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (holding that a claim based on unlawful search or seizure is not barred by *Heck*). "[O]ne can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (citations omitted). Plaintiff's claim that the arresting officers arrested him without probable cause or a warrant does not effectively challenge his conviction.

However, the second amended complaint suffers from a more fundamental defect: the named Defendants were not the arresting officers, and there is no allegation that the named Defendants were somehow aware of issues relating to the purportedly false arrest. It is now too late for Plaintiff to amend his complaint to name the officers who actually arrested him. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010). Any cause of action against the arresting officers has now expired.

Unfortunately, Plaintiff cannot avail himself of Rule 15(c)'s provisions allowing for "relation back" to the original complaint. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012). Plaintiff, in short, has no tenable cause of action against the named Defendants for false arrest, and amending his complaint to name the arresting officers would now be futile.

This leaves only Plaintiff's claim that Defendants illegally seized his property and used it as evidence against him at trial. The Court concludes as a matter of law that Defendants were permitted to examine Plaintiff's shoes and clothing.

It is well-established that police may inventory property incident to a suspect's arrest. For example, in *Illinois v. Lafayette*, 462 U.S. 640 (1983), after Lafayette was arrested for disturbing the peace, he was taken to the police station. There, without obtaining a warrant and in the process of booking Lafayette and inventorying his possessions, the police removed the contents of a shoulder bag Lafayette had been carrying and found amphetamine pills. The U.S. Supreme Court ruled that the search constituted a valid inventory search. *Lafayette*, 462 U.S. at 643-46. "[C]onsistent with the Fourth Amendment, it is reasonable for police to search the personal effects of a person under lawful arrest as part of the routine administrative procedure at a police stationhouse incident to booking and jailing the suspect." *Id.* at 643. "The inventory search constitutes a well-defined exception to the warrant requirement." *Id.* (citing *South Dakota v. Opperman*, 429 U.S. 364 (1976); *see also Colorado v. Bertine*, 479 U.S. 367 (1987) (The Fourth Amendment does not prohibit the State from proving the criminal charges with the evidence discovered during the inventory search of a suspect's van under the principles governing inventory searches of automobiles and of an arrestee's personal effects). "The courts of appeals [invariably hold that] both the person and the property in his immediate possession may be searched at the station house after the arrest has occurred at another place and if the evidence of crime is discovered, it may be seized and admitted in evidence." *United States v. Edwards*, 415 U.S. 800, 803 (1974). "Nor is there any doubt that clothing or other belongings may be seized upon arrival of the accused at the place of detention and later subjected to laboratory analysis or that the test results are admissible at trial." *Id.* at 803-04.

In countless criminal cases, courts have refused to suppress evidence found to be admissible under the so-called "inevitable discovery doctrine," noting in many of those cases that the evidence most likely would have been discovered pursuant to an inventory search. *See, e.g., United States*

*v. Cartwright*, 630 F.3d 610, 614 (7th Cir. 2010) (even if police improperly seized a gun spotted in the back seat of vehicle at the time of arrest, they would have inevitably found the gun once the van was towed and inventoried); *United States v. Clinton*, 591 F.3d 968, 972 (7th Cir. 2010) (whether or not police had probable cause or permission to search the car in question, they would have inevitably discovered the gun during an inventory search of the vehicle); *see also Hegwood v. City of Berwyn*, No. 09 C 7344, 2011 WL 3882558,at * 4-5 (N.D. Ill. Sep. 2, 2011) (Kendall, J.) ("An inventory search is a well-established exception to the Fourth Amendment's warrant exception"). Both to protect Plaintiff from possible theft by unscrupulous police employees and to protect the police from secreted weapons and false reports of police conversion, Defendants were entitled both to require Plaintiff to change into police-issued clothing and to inventory his property. The Court concludes that the second amended complaint fails to state a tenable claim against the Defendants.

Finally, Plaintiff's motion for leave to amend to assert a malicious prosecution claim is denied. Although Fed. R. Civ. P. 15(a) provides that leave to amend "'shall be freely given when justice so requires,' it is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting *Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993)). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson*, 641 F.3d at 872 (quoting *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009)); *see also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Department of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). In the case at bar, the Court finds that the proposed amended pleading would be futile.

An essential element of malicious prosecution is that the underlying criminal case was terminated in the defendant's favor. *See, e.g., Shelton v. Wright*, No. 09 C 6413, 2011 WL 856811, at *4 (N.D. Ill. Mar. 9, 2011) (citing *Swick v. Liautaud*, 169 Ill.2d 504, 215 Ill. Dec. 98, 662 N.E.2d 1238, 1242 (Ill. 1998)). As Plaintiff was ultimately convicted of burglary and his conviction stands, he cannot successfully sue Defendants for malicious prosecution. Moreover, in light of the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental pendent jurisdiction over any pendent state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Pugel v. Bd. of Trustees of University of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004); 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, Defendants' motion to dismiss the second amended complaint for failure to state an actionable claim is granted. The case is accordingly terminated. Because Plaintiff filed a timely suit but is now prevented from naming proper Defendants within the statute of limitations, the Court declines to assess a "strike" under 28 U.S.C. § 1915(g). However, Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee

irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the Court of Appeals may assess a 1915(g) "strike."

Date: October 21, 2013

Robert M. Dow, Jr.
United States District Court